UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV-23-6078-DMG (KKx) | Date | October 10, 2023 |
|---|---|---|---|
| Title | *Albert Gregory Pinto v. Maha Visconti et al.* | Page | **1** of **3** |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF ALBERT GREGORY PINTO'S MOTION TO REMAND [30]**

## I.
## BACKGROUND

On July 12, 2021, Plaintiff Albert Gregory Pinto filed a complaint in Los Angeles County Superior Court against Defendant Maha Visconti. Notice of Removal ("NOR"), Ex. A [Doc. # 1-1]. On July 27, 2023, Visconti removed this action to federal court on the basis of diversity jurisdiction. 28 U.S.C. §§ 1332, 1446. On August 25, 2023, Pinto timely filed the present Motion to Remand. [Doc. # 30 ("MTR")].[1]

## II.
## IMPROPER REMOVAL

Visconti's removal of this action was deficient for multiple reasons. First, Visconti is a citizen of California and therefore cannot properly remove this action to federal court. *See*

---

[1] Visconti did not file an opposition to Pinto's motion to remand. *See Oakley, Inc. v. Nike, Inc.*, 988 F. Supp. 2d 1130, 1139 (C.D. Cal. 2013) (citing L.R. 7-12) ("[T]he Local Rules permit the Court [to] deem failure to oppose as consent to the granting of the motion."). While this alone would authorize the Court to remand the case, in the interests of justice, the Court will discuss the merits of the motion to remand. The Court notes that Visconti, through counsel George Murphy, did file multiple documents appearing to be attempts for Murphy to withdraw as counsel, including what is essentially a request to withdraw styled as a "reply" to the MTR. [*See* Doc. ## 33, 37, 38.] A request to withdraw requires court approval to be valid and must be made by properly noticed motion—requirements Murphy has failed to satisfy. Accordingly, Murphy's "requests" [33, 37, 38] are **STRICKEN**. *See* C.D. Cal. L.R. 83-2.3.2. The Court also **STRIKES** Visconti's "notice" [Doc. # 36] because an attorney has appeared for her in this action, so that she cannot appear or file documents *pro se* except by Court order. C.D. Cal. L.R. 83-2.3.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| Case No. | CV-23-6078-DMG (KKx) | Date | October 10, 2023 |
|---|---|---|---|
| Title | *Albert Gregory Pinto v. Maha Visconti et al.* | Page | **2** of **3** |

Answer/Cross-Compl. at ¶ 28 [Doc. # 16]; 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Second, even if Visconti were not a citizen of California, she did not timely remove this action. Visconti had no more than one year after Pinto filed his complaint to file a notice of removal, or until July 12, 2022. *See* 28 U.S.C. § 1446(c)(1). Visconti did not file her notice of removal until July 27, 2023. NOR at ¶ 5. Either of these deficiencies alone is a sufficient basis for remand, and the Court thus concludes that removal was improper.

## III.

### PINTO'S REQUEST FOR ATTORNEY'S FEES AND COSTS

Pinto also argues that he and his counsel are entitled to attorney's fees under 28 U.S.C. § 1447(c). Section 1447(c) provides that, after a successful motion to remand, "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" may be warranted. "Absent unusual circumstances," courts may only award attorney's fees under section 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Whether removal is improper, however, is not dispositive in determining whether fees should be awarded under section 1447(c). *See Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007).

District courts "retain discretion to consider whether unusual circumstances" are present to justify awarding fees and costs under section 1447(c). *See Martin*, 546 U.S. at 141. When exercising this discretion, however, district courts are instructed to remain "faithful to the purposes" of awarding fees under section 1447(c). *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)). The purpose of section 1447(c) is to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party," while also recognizing defendants' right to remove cases when they meet the statutory criteria. *See id.* at 140.

Although Pinto has identified cogent reasons why Visconti did not have an "objectively reasonable basis" for removal, the Court exercises its discretion to deny the request for fees and costs at this time. Instead, the Court warns Visconti, who has already been declared a vexatious

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| | |
|---|---|
| Case No. **CV-23-6078-DMG (KKx)** | Date October 10, 2023 |
| Title *Albert Gregory Pinto v. Maha Visconti et al.* | Page **3** of **3** |

litigant in state court, that any further attempts to remove an action to federal court under similar circumstances shall result in the imposition of sanctions, including the imposition of fees and costs.

## IV.
## CONCLUSION

In light of the foregoing, Pinto's MTR is **GRANTED** and his accompanying request for attorney's fees is **DENIED**. This action is **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**